UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:19-cr-00561-SRC |
| | ) |
| GLENN JEFFRIES, | ) |
| | ) |
| Defendant. | ) |

## Order

Defendant Glenn Jeffries claims that evidence and statements derived from a bicycle stop and the subsequent search of his person must be suppressed because the search violated his constitutional rights under the Fourth Amendment. Docs. 54, 99. The Court disagrees. Police officers had probable cause to both initiate the bicycle stop and arrest Jeffries for resisting arrest, and therefore, the officers had probable cause to search Jeffries's person.

### I.   Background

A grand jury returned a one-count indictment against Jeffries for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Docs. 1–2. Jeffries filed a motion seeking to suppress the evidence and statements that led to his indictment. Doc. 54. The Court referred Jeffries' motion to United States Magistrate Judge Shirley Padmore Mensah pursuant to 28 U.S.C. § 636(b). After an evidentiary hearing and post-hearing briefing submissions, Judge Mensah issued a Report and Recommendation detailing her factual findings, legal conclusions, and recommendations on Jeffries's motion. Doc. 98. The Report and Recommendation recommends that the Court deny Jeffries's Motion to Suppress Evidence and Statements. *Id.*

Jeffries objects to Judge Mensah's recommendation and conclusions of law.  Doc. 99.  The United States has not filed a response to Jeffries's objections and the time to do so has passed.

When a party objects to a magistrate judge's report and recommendation, the district judge must conduct a de novo review of the portions of the report, findings, or recommendations to which the party objected.  *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (citing 28 U.S.C. § 636(b)(1)).  In making its de novo determination, the Court reviewed the entire record, including the transcript of the October 20, 2020 evidentiary hearing.

## II.     Analysis

Jeffries asserts various objections to Judge Mensah's conclusions of law, and they all turn on whether Jeffries's peddling away from officers after they initiated a bicycle stop gave officers probable cause to arrest Jeffries for resisting arrest and subsequently search his person.  Doc. 99.

### A.     Probable cause to initiate bicycle stop

On de novo review, the Court finds that Officers Matthew Green and Brandon Gubricky did have probable cause to initiate a bicycle stop.  Green and Gubricky observed Jeffries riding a bicycle without a headlight shortly before 1:00 a.m. in the Greater Ville neighborhood in St. Louis, Missouri.  Doc. 54 at p. 1; Tr. 6:7–19.  Jeffries does not dispute this finding.  ST. LOUIS CITY ORDINANCE 57381 § 1 17.36.70(A) provides that "[e]very bicycle when in use at night time shall be equipped with a front-facing lamp (white light) on the front or carried by the rider." Jeffries clearly violated St. Louis City's bicycle-equipment ordinance, giving Officers Green and Gubricky the authority to initiate a bicycle stop.  *See United States v. Banks*, 555 F.3d 1101,

1104 (8th Cir. 2009).  Thus, Officers Green and Gubricky lawfully activated their emergency lights and pulled Jeffries over.  Doc. 54 at p. 1; Tr. 13:3–14.

      **B.**      **Probable cause to arrest Jeffries**

On de novo review, the Court also finds that Officers Matthew Green and Brandon Gubricky did have probable cause to arrest Jeffries.  After pulling Jeffries over for ordinance violations, the officers requested Jeffries's identification.  Doc. 54 at p. 1; Tr. 13:16–21.  Instead of providing his identification, Jeffries responded by saying "I just want to go home" and began to peddle away.  *Id.*  Missouri law provides:

1. A person commits the offense of resisting or interfering with arrest, **detention, or stop** if he or she knows or reasonably should know that a law enforcement officer is making an arrest or attempting to lawfully **detain or stop** an individual or vehicle, and for the purpose of preventing the officer from effecting the arrest, stop or detention, he or she:

    (1) Resists the arrest, **stop or detention** of such person by using or threatening the use of violence or physical force or by fleeing from such officer; []

2. This section applies to:

    (1) Arrests, **stops, or detentions**, with or without warrants;

    (2) Arrests, **stops, or detentions**, for any offense, infraction, or ordinance violation; and

Mo. Rev. Stat. § 575.150 (emphasis added); *see also* Doc. 54 at pp. 3–4.  The statute applies not only to resisting "arrest," which gives rise to the colloquial shorthand "resisting arrest," but also to resisting "stops" or "detention."  *Id.*  Jeffries demonstrated that he knew that officers were attempting to detain or stop him because he pulled over and spoke with the officers after seeing the squad car's emergency lights.  Therefore, when Jeffries peddled away from Officers Green and Gubricky after they requested his information, he resisted their lawful detention or stop by fleeing, in violation of the plain terms of the statute.

3

"When a person commits a crime in the presence of the officer, that conduct gives the officer probable cause—a higher standard than reasonable, articulable suspicion—to seize the person." *Banks*, 555 F.3d at 1104. "An officer may frisk a suspect for the protection of himself or others nearby to discover weapons if he has a reasonable, articulable suspicion that the suspect may be armed and presently dangerous." *Id.* (internal citations omitted). Courts must apply an objective test to determine whether reasonable articulate suspicion justified a protective search. *Terry v. Ohio,* 392 U.S. 1, 22 (1968). Under this objective test the "officer need not be absolutely certain that the individual is armed; the issue is whether a reasonable prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger." *Id.* at 27.

Here, officers stopped Jeffries at nearly 1:00 a.m. for a bicycle-equipment violation. Jeffries originally pulled over and spoke to Officers Green and Gubricky but fled after the officers asked for his identification. By attempting to flee, Jeffries's conduct heightened the officers' reasonable suspicion that he engaged in criminal activity more serious than a bicycle-equipment violation. *See Banks,* 55 F.3d at 1104; *see also* Tr. 17:3–18:7. The Court finds that evidence supports that officers had a reasonable and particularized suspicion that "criminal activity may be afoot" and that Jeffries "may be armed and presently dangerous." *Terry,* 392 U.S. at 30.

**Conclusion**

The Court sustains, adopts, and incorporates United States Magistrate Judge Shirley Padmore Mensah's [45] Report and Recommendation for the reasons and as modified in this order. The Court overrules Defendant Glenn Jeffries's [99] Objection to the Report and Recommendation of the Magistrate.

4

Accordingly, the Court denies Defendant Glen Jeffries's [54] Motion to Suppress Evidence and Statements.   Trial of this matter will be set by separate order.

Dated this 15th day of March 2021.

*SLR. CR*

STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE